United States District Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ROBERT OLIVER BERRY, III and MARCIE KINSEL BERRY, | § § § § | Case No. 4:22-BK-32818 |
| Debtors. | § | |

| | | |
|---|---|---|
| OVATION SERVICES, LLC, | § § | |
| Appellant, | § § | |
| v. | § § | Civil Action No. 4:22-CV-04503 |
| ROBERT OLIVER BERRY, III and MARCIE KINSEL BERRY, | § § § | |
| Appellees. | § | |

## ORDER

This is an appeal brought by Ovation Services, LLC ("Ovation") as an agent for FGMS Holdings, LLC, challenging the Order Confirming Chapter 13 Plan and Valuing Collateral Pursuant to 11 U.S.C. § 506. (Dkt. No. 1); (Dkt. No. 1-1 at 2). The bankruptcy order was entered on December 13, 2022, (*see* Dkt. No. 1-1 at 4), Ovation filed a notice of appeal to the district court on December 27, 2022, (*see* Dkt. No. 1), and the appeal was docketed in this Court on December 29, 2022, (*id.*). To date, Ovation, represented by counsel, has not filed an appellate brief or otherwise taken any action beyond filing its notice of appeal.

Bankruptcy Rule 8009(a)(1) instructs that in a bankruptcy appeal to the district court, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a

designation of the items to be included in the record on appeal and a statement of the issues to be presented." Additionally, absent a court order to the contrary, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Upon service of the appellant's brief, the appellee then has 30 days to serve and file its brief, and the appellant then has 14 days to reply. Fed. R. Bankr. P. 8018(a)(2)–(3). If an appellant fails to timely file its brief, the appeal may be dismissed on motion by an appellee or by the district court on its own motion. Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal is ground for the district court to act as it considers appropriate, including dismissing the appeal.") (cleaned up). Accordingly, the Fifth Circuit has affirmed dismissals of bankruptcy appeals when the appellant failed to file a brief within the required time. *See, e.g.*, *Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985); *In re Nikolai*, 5 F.3d 1495, at *2 (5th Cir. 1993); *In Re Pequeno*, 240 F.App'x. 634, 636 (5th Cir. 2007).

Ovation has not taken any action to prosecute its appeal in the more than twelve months since filing the notice of appeal in the Bankruptcy Court. It has not filed any appeal brief, which was due 30 days after the bankruptcy record had docketed on January 27, 2023. (Dkt. No. 2). It has not contacted the Court, requested more time to file briefs, or sought to explain its inaction. Given this failure, the appeal will be **DISMISSED WITHOUT PREJUDICE** under Rules 8003(a)(2) and 8018(a)(4). The Clerk of Court is **DIRECTED** to administratively close this case, which may be re-opened upon motion by

any party.  If neither party has moved to re-open by March 1, 2024, this appeal will be dismissed with prejudice.

    It is SO ORDERED.

    Signed on February 5, 2024.

                                                _____
                                                    **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**